UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin Davonne Cox, # 232745, | ) C/A No. 5:14-2069-JFA-KDW |
|                 Petitioner, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Larry Cartledge, | ) |
|                 Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was submitted to the court by a state prison inmate appearing pro se. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

    I.      Factual and Procedural Background

Following a jury trial, Petitioner was convicted of two drug-trafficking-related charges in Horry County on March 5, 2008. Pet. 1, ECF No. 1. He was sentenced to twenty-five years in prison on February 12, 2009. *Id*. According to Petitioner, his trial counsel failed to fully perfect his direct appeal and it was dismissed on May 20, 2009. *Id*. at 2. Petitioner filed his first Post Conviction Relief ("PCR") application October 19, 2009; it was dismissed on March 19, 2010. *Id*.[1] Petitioner alleges that he filed a petition for writ of certiorari with the "South Carolina Court

---

[1] Petitioner alleges that the PCR case was dismissed on March 4, 2010, Pet. 2, ECF No. 1, however, the online records from Horry County show the dismissal on March 19, 2010. *See* http://publicindex.sccourts.org/Horry/PublicIndex/PISearch.aspx. (last consulted July 14, 2014).

of Appeals" on November 3, 2010. *Id*. at 3.[2] Petitioner states that the Court of Appeals denied his petition in part, but granted him a belated direct appeal on July 28, 2012. The appeal concluded with his convictions being affirmed on December 3, 2013. Pet. 3, ECF No. 1.[3] Petitioner acknowledges that he filed another PCR application on January 21, 2014, and that the case as still pending without any response from the State at this time. Pet. 4, ECF No. 1.

In the Petition submitted to this court for filing on May 23, 2014 and now under initial review, Petitioner seeks to raise three points primarily based on claims of "due process" violations through ineffective assistance of trial and appellate counsel. Although it is not clear, it appears these ineffective assistance of counsel points could be pending before the Horry County Court of Common Pleas in the PCR case now pending there: *Cox v. South Carolina*, Case No. 2014-CP-2600318. *See* Pet. 4, ECF No. 1.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

---

[2] Horry County online records show that the petition was filed on March 23, 2010. *See* http://publicindex.sccourts.org/Horry/PublicIndex/CaseDetails.aspx?County=26&CourtAgency= 26002&Casenum=2009CP2610212&CaseType=V (last consulted July 14, 2014).

[3] Horry County online records show that the remittitur showing affirmance from the South Carolina Court of Appeals was received on December 18, 2013. *See* http://publicindex.sccourts.org/Horry/PublicIndex/CaseDetails.aspx?County=26&CourtAgency=

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case should be summarily dismissed.

III. Analysis

The Petition for a Writ of Habeas Corpus filed in this case should be dismissed because Petitioner has not fully exhausted his state remedies. With respect to his 2009 Horry County convictions and sentences, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2254 and possibly, but less commonly, a writ habeas corpus under 28 U.S.C. § 2241, either of which can be sought only after Petitioner has exhausted his state court remedies. *See* 28

---

26002&Casenum=2009CP2610212&CaseType=V.

U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Moore v. De Young*, 515 F.2d 437, 442-43 (3d Cir. 1975) (exhaustion required under 28 U.S.C. § 2241). Exhaustion "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers. States are allowed to vindicate their interest in prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise of illegitimate authority." *Fain v. Duff*, 488 F.2d 218, 224 (5th Cir. 1973) (citing *Braden*).

> Section 2254's exhaustion requirement provides:
>
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B) (i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b), (c). This doctrine requires that before a federal court will review any

allegations raised by a state prisoner, those allegations must first be presented to the state's highest court for consideration. *See Picard v. Connor*, 404 U.S. at 276. Before a federal court may consider a habeas claim under § 2254, the petitioner must give the state court system "'one full opportunity to resolve any constitutional issues by invoking one complete round of the State's appellate review process . . . .'" *Longworth v. Ozmint*, 377 F.3d 437, 447-48 (4th Cir. 2004) (quoting from *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). That "complete round" of appellate review also includes "discretionary review" such as the filing of a petition for writ of certiorari to the South Carolina Supreme Court seeking review of the dismissal of a PCR application. *Id*. at 448. The South Carolina Supreme Court has specifically stated, "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies." *Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 321 S.C. 563, 564, 471 S.E.2d 454, 454 (1990)(specifically addressing criminal and post-conviction relief appeals).

However, as noted above, it appears from the allegations contained in the Petition and from the online records of the Horry County courts that Petitioner filed a PCR case in January 2014 and that the case is still pending in the Court of Common Pleas. If the PCR case is ultimately dismissed, Petitioner will be required to pursue a petition for writ of certiorari challenging that dismissal with the South Carolina Supreme Court before it may be said that he has fully exhausted his state court remedies. *See* S.C. Code Ann. § 17-27-100; SCACR 227. Because of his pending PCR, it appears that several of the grounds for habeas relief ostensibly raised in the Petition filed in this case have not yet been considered and addressed by courts of the State of South Carolina. Because it is clear from the face of the pleadings in this case that

Petitioner has at least two viable state court remedies (PCR, appellate review of PCR) that have not been fully utilized, this court should not keep this case on its docket while he is exhausting his state remedies. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971) (federal habeas court should not retain the case on its docket pending exhaustion of state court remedies, but, absent special circumstances, should dismiss the petition); *Salama v. Virginia*, 605 F.2d 1329, 1330 (4th Cir. 1979) (same).

IV.    Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

July 15, 2014                                        Kaymani D. West
Florence, South Carolina                             United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**