IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Kevin Davonne Cox, #232745, ) | Civil Action No.: 5:14-cv-2069-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Larry Cartledge, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, state prisoner proceeding *pro se*, initiated this suit by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 7, 2014. *See* Pet., ECF No. 1. The matter is now before the court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, filed on July 15, 2014.[1] *See* R & R, ECF No. 12. In her R & R, the Magistrate Judge recommends that Petitioner's petition be dismissed without prejudice. *See id.* at 4. Petitioner timely filed objections to the R & R on July 28, 2014. *See* Pet.'s Objs., ECF No. 16.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C.

recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("[D]e novo review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir.2005). Furthermore, in the absence of specific objections to the R & R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## DISCUSSION

Petitioner was convicted of two drug trafficking related charges in the Horry County Court of General Sessions. *See* ECF No. 1. He was sentenced to 25 years in prison on March 5, 2008. *See id.* Petitioner alleges that his trial counsel failed to fully perfect his direct appeal, and thus it was dismissed on May 20, 2009. *See id.* at 2. Petitioner then filed an application for post-conviction relief ("PCR") on October 19, 2009, which was dismissed on March 19, 2010. *See id.* Petitioner then filed a petition for a writ of certiorari with the Supreme Court of South Carolina. *See id.* at 3. The Court of Appeals denied his petition in part, but granted him a belated direct appeal on July 28, 2012. *See id.* Petitioner's convictions, however, were ultimately affirmed on

December 3, 2013.  *See id.* at 4.  Petitioner acknowledges that he then filed another PCR application on January 21, 2014, and that this PCR case is still pending.[2]  *See id.* at 4.

In the R & R, the Magistrate Judge recommends the Court dismiss the Petition without prejudice.  *See* ECF No. 12 at 6.  The Magistrate Judge notes that Petitioner has not fully exhausted his state court remedies.  *See id.* at 3–5.  The Magistrate Judge explains that the federal court must give the state court system "one full opportunity to resolve any constitutional issues by invoking one complete round of the states' appellate review process."  *See id.* at 5 (quoting *Longworth v. Ozmint*, 337 F.3d 437, 447–48 (4th Cir. 2004).  The Magistrate Judge notes that Petitioner will not be deemed to have exhausted his state remedies until the PCR case has been dismissed and he has pursued a petition for a writ of certiorari with the Supreme Court of South Carolina challenging that dismissal.  *See id.*  As Petitioner still has available state court remedies (PCR and appellate review of the PCR), the Magistrate Judge recommends that this matter be dismissed without prejudice.  *See id.* at 5–6.

Petitioner timely filed objections to the Magistrate Judge's R & R.  In his objections, Petitioner asserts that this action should not be dismissed.  Petitioner contends that his initial PCR was denied in part but that he received a belated appeal on July 28, 2012.  *See* ECF No. 16 at 2.  Petitioner argues that his appellate counsel wrote him informing him that he had exhausted his state court remedies on August 2, 2012 and that she was closing his file.  *See id.*  Petitioner notes that he wrote her and informed her he was granted a belated appeal and wanted to know why she was "so quick to abandon his case."  *See id.*  Petitioner argues that he tried to have his counsel raise two unexhausted issues, but that she would not.  *See id.*  Accordingly, Petitioner requests that instead of

---

[2] Online records confirm that the PCR action is still pending.  *See Cox v. State of S.C.*, No. 2014-CP-26-00318 (S.C. Ct. Comm. Pl. 2014), available at http://publicindex.sccourts.org/Horry/PublicIndex/CaseDetails.aspx?County=26&CourtAgency=26002&Casenum=2014CP2600318&CaseType=V (last visited May 7, 2015).

3

dismissal he be given a "stay and abeyance" because he has shown he raised unexhausted claims at his initial PCR hearing and tried to have counsel raise them in her petition for certiorari and that "he showed that unexhausted claims have constitutional merit." *See id.* at 3.

Petitioner, therefore, does not dispute the Magistrate Judge's finding that he has a pending PCR petition.[3] Moreover, Petitioner appears to agree with the Magistrate Judge's finding that he is presenting unexhausted claims to this Court. Petitioner, however, requests a stay rather than dismissal without prejudice. The Court notes, however, that this is not a situation where a stay is warranted over dismissal. Petitioner does not present a "mixed petition" in which a stay could potentially be appropriate. *See Rhines v. Weber*, 544 U.S. 269, 272–73, 276 (2005) (noting that a stay may be appropriate where it would be a proper exercise of discretion, and that in certain instances where petitioner had filed a "mixed" petition, an exercise of such discretion would be proper). Petitioner acknowledges in the Petition that he is presenting unexhausted claims. *See* ECF No. 1 at 12 (noting that Grounds 1 and 3 have not been presented to the highest court having jurisdiction, and that he is "trying to get issue presented"). Moreover, in his objections, Petitioner merely refers to his "unexhausted claims," requesting that the Court either hear these claims or grant him a stay. Petitioner does not contend that he is presenting any additional, exhausted claims

---

[3] Although this Petitioner is numerically a second petition, it is not successive as Petitioner was granted a belated direct appeal as a result of this first petition. This restarted the process and gave Petitioner an additional opportunity to file a non-successive PCR as of right. *Cf. Frasch v. Peguese*, 414 F.3d 518, 523 (4th Cir. 2005) (noting that when a petitioner's collateral proceedings ended with the court granting him leave to file a belated appeal, he was "no longer proceeding under the" post-conviction act and "was 'in the same procedural posture as if he had timely pursued a direct appeal.'" (quoting *Orange v. Calbone*, 318 F.3d 1167, 1171 (10th Cir. 2003))).

to this Court.[4]  Accordingly, the Court agrees with the Magistrate Judge that dismissal without prejudice is warranted to allow Petitioner to fully exhaust his state court remedies.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *see Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003).  When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right.  *Slack*, 529 U.S. at 484–85.  In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## CONCLUSION

After a thorough review of the record in this case, the Court agrees with the Magistrate Judge that Petitioner's § 2254 Petition should be dismissed without prejudice.  Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.

---

[4] Ground 2 alleges ineffective assistance of trial counsel for failing to perfect a direct appeal, which Petitioner alleges was denied by the PCR court and the Supreme Court of South Carolina on petition for a writ of certiorari.  *See id.* at 7–8.  Petitioner admits, however, that he received relief on this ground, as he was granted a belated direct appeal.  *See id.* at 2.  To the extent Petitioner would argue that Ground 2 establishes that his Petition is a mixed petition, the Court notes that argument would fail because this ground is moot.  *See, e.g.*, *Bailey v. Del Papa*, 237 F. App'x 280, 281 (9th Cir. 2007) ("The question of whether the district court violated . . . *Rhines v. Weber*, 544 U.S. 269 (2005), when it declined to issue a stay and abeyance so that Bailey could exhaust claim three of his federal habeas petition is now moot.  As Bailey concedes, it is now unnecessary to permit him to present claim three in federal court because the state court has already granted him the relief sought in that claim."); *Moore v. Patton*, No. 12-CV-0255-CVE-FHM, 2015 WL 1636574, at * (N.D. Okla. Apr. 13, 2015) ("Because Petitioner received relief on this claim from the state courts, it is now moot.").

Therefore, it is **ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** *without prejudice*. **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                           s/ R. Bryan Harwell
                                           R. Bryan Harwell
                                           United States District Judge

Florence, South Carolina
May 13, 2015